M. P. SWEET, Respondent, v. HUGH McGLYNN, Appellant.

No. 3702; April 28, 1873.

**Default Judgment—When Should be Set Aside.**—Where a defendant has failed to answer through an excusable misunderstanding between his attorney and himself, rather than through either intention or indifference, and he really thought he had a good defense and intended to have it made, a default judgment against him should be set aside.

W. H. Allen for respondent; Sharp & Lloyd for appellant.

By the COURT.—This is a motion to set aside a judgment, and to be allowed to answer, under the sixty-eighth section of the Practice Act.

The complaint was filed in one of the district courts in the city of San Francisco on the tenth day of October, 1872, and on the same day summons and attachment were taken out and duly served on the defendant in that city. On the twenty-fourth day of October judgment was entered against the defendant by default, and on the first day of November he obtained an order that the plaintiff show cause why the judgment should not be set aside. The motion was heard upon affidavits filed by both parties, and denied.

It appears from the affidavits that, immediately after the summons and attachment were served, the defendant went to an attorney and told him his property had been attached and he wanted to get it released; that he did not owe the plaintiff anything and wanted the attorney to attend to the case for him; that they then went together to the sheriff's office and procured the property to be released from the attachment; that nothing was said about the summons, and the defendant, being an illiterate man, little acquainted with legal proceedings, thought nothing about it, but supposed his lawyer would go and attend to that case; that the attorney supposed that the summons had not been served, and that when it should be he would be notified of that fact; that the defendant intended to defend the action and was advised that he had a good defense; that neither the defendant nor his attorney knew of the default being taken until November 1st, when an execution was issued and levied.

There is some little conflict in the affidavits, but, on the whole, we think it sufficiently appears that the defendant did not intend to let judgment go against him by default, but that he thought he had a good defense, and intended and expected to have it made.

We are of the opinion that the showing was sufficient to authorize the court to set aside the judgment, and that it ought to have done so, the defendant paying all the costs of the case up to that time.

Order reversed and cause remanded.